IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES A. MATHENY,

    Movant,

v.                                          CIVIL ACTION NO.  2:13-cv-22005
                                               (Criminal No. 2:12-cr-00068)

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the Movant James A. Matheny's (hereinafter "Movant") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF 145), Motion Requesting Determination Pursuant to Rule 4(b) (ECF 151), and three Motions Seeking an Evidentiary Hearing (ECF 176, 180 and 181).  Movant was serving an aggregate sentence of 96 months and 1 day, following his conviction in this Court on one count of assault with a deadly weapon on a federal officer and a person assisting a federal officer, in violation of 18 U.S.C. § 111(b), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).

The Court has received written notice from the Warden at FMC Butner, where Movant was incarcerated, that Movant passed away on Saturday, November 21, 2015.  Accordingly, the Court **FINDS** that the requested relief is no longer possible.  The power of the federal courts to adjudicate claims turns on the existence of a case or controversy.  U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).  "When a case or controversy ceases

to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF 145), and all other related motions, are now moot by virtue of Movant's death. *See, e.g., Krantz v. United States*, 224 F.3d 125 (2d Cir. 2000) (§ 2255 motion and motion for certificate of appealability were rendered moot by death of movant). Accordingly, Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF 145), his Motion Requesting Determination Pursuant to Rule 4(b) (ECF 151), and his three Motions Seeking an Evidentiary Hearing (ECF 176, 180 and 181) are **DENIED AS MOOT**. The Court **DISMISSES** this case, and **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record.

ENTER:   December 10, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE